UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GULF COAST COMMERCIAL CORPORATION,

    Plaintiff,

vs.                                      Case No.   2:05-cv-564-FtM-33SPC

GORDON RIVER HOTEL ASSOCIATES;
TIMOTHY G. YOUNGQUIST; HARVEY B.
YOUNGQUIST; COMFORT INN & MARINA
DOWNTOWN; VARIOUS JOHN DOES;
VARIOUS JANE DOES; ABC COMPANIES,

    Defendants.
_____

**ORDER**

    This matter comes before the Court on Plaintiff Gulf Coast Commercial Corporation's Request for Judicial Notice and Third Notice of Supplemental Authority (Doc. # 76), filed on April 19, 2006.  Plaintiff indicates in its Notice that its federal application for registration of its trademark has been approved and is now set to be published in the government's Official Gazette.

    A rebuttable statutory presumption of validity is accorded to registered trademarks. See e.g., Vision Ctr. v. Opticks, Inc., 596 F.2d 111, 119 (5th Cir. 1979).  The validity of the mark is not presumed until the mark is declared incontestable, which may only occur once five years has passed since the registration of the mark.  Id.; Dieter v. B&H Indus. of Sw. Fla., Inc., 880 F.2d 322,

1

328 (11th Cir. 1989); Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 196 (1985)("Before a mark achieves incontestable status, registration provides prima facie evidence of the registrant's exclusive right to use the mark in commerce. . . . [B]efore a mark becomes incontestable an opposing party may prove any legal or equitable defense which might have been asserted if the mark had not been registered.").

    Nevertheless, the effect of the registration of the mark in question is to shift the burden of proof on the issue of distinctiveness onto Defendants. See Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co., 494 F.2d 3, 10 (5th Cir. 1974)("[u]nder the Lanham Act, registration by itself does not enlarge a registrant's substantive rights in a mark.  It does, however, confer procedural advantages which affect the burden of proof.").  For this reason, the Court deems it appropriate to provide Defendants the opportunity to rebut the presumption that has now arisen before the Court rules on Plaintiff's Motion for Entry of Preliminary Injunction (Doc. # 11).

    Accordingly, it is hereby

    **ORDERED, ADJUDGED,** and **DECREED:**

Defendants are granted TEN DAYS to file a Supplemental Brief in response to Plaintiff's Request for Judicial Notice and Third Notice of Supplemental Authority (Doc. # 76).

    **DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this

2

21st day of April, 2006.

                                             VIRGINIA M. HERNANDEZ COVINGTON
                                             UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record